UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00434-RJC

| LANCE R. PAGAN, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| DAVID BROGDON, et al., | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's motion to proceed in forma pauperis [Doc. 2].

**I.    BACKGROUND**

Pro se Plaintiff Lance R. Pagan ("Plaintiff") is a federal prisoner currently incarcerated at Edgefield FCI in Edgefield, South Carolina. He filed this action on July 21, 2023, against the following Defendants: (1) David Brogdon, Federal Bureau of Investigation (FBI); (2) Derick Meek, FBI; (3) "Grand Prairrie;" (4) the Gaston County Police Department; (5) the FBI; (6) the Chief of the Gaston County Police Department; (7) Renea Alt-Summers; (8) the Guise Law Firm; (9) "Estill F.C.I. South Carolina;" (10) "Atlanta F.C.I. Georgia;" and (11) "Petersburg Law Virginia."[1]  [Doc. 1 at 2-3, 12].

---

[1] The Court will refer to Defendant "Estill F.C.I. South Carolina" as F.C.I. Estill. There is, however, no "F.C.I. Atlanta" or "F.C.I. Georgia," only a "U.S.P. Atlanta." As such, it is unclear what entity Plaintiff purports to sue as a Defendant in this regard. As to Defendant "Grand Prairrie," it appears Plaintiff appears to name "Grand Prairie," which, according to the Federal Bureau of Prisons website is an "office complex providing services in human resources, inmate systems, and financial management," located in Grand Prairie, Texas. The Court will hereinafter refer to this Defendant as "Grand Prairie."

Plaintiff appears to allege the following. In 2013, Defendants Brogdon and Meek arrested Plaintiff on a conspiracy charge while working for Defendants FBI and Gaston County Police Department. Defendant Alt-Summers, Plaintiff's attorney, helped to incarcerate Plaintiff by giving him "false statement about his charges and withholding information about his case." [Id. at 13-14]. Defendant Alt-Summers worked for Defendant Guise Law Firm at the time she was appointed to represent the Plaintiff. [Id.]. The Government falsified documents, which lead to Plaintiff being sent to the wrong prison, where Plaintiff was assaulted and suffered injuries. Defendant Grand Prairie, which was responsible for Plaintiff's classification and destination, caused some error in documents Plaintiff received from Defendant F.C.I. Estill. [Id.]. Plaintiff was housed at Defendant "Atlanta F.C.I." in 2019 to 2020, where he was also assaulted. [Id. at 13-14].

Plaintiff purports to bring his Complaint pursuant to Bivens[2] and 42 U.S.C. § 1983 and claims that Defendants' conduct violated his Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendment rights. [Id. at 3]. For injuries, Plaintiff claims he has suffered head injuries and had surgery to his bicep, rotator cuff, and back. [Id. at 5]. For relief, Plaintiff seeks treatment for his alleged injuries, $200 million, and for his "case to be dismissed."[3] [Id.].

Plaintiff acknowledges that he has filed a lawsuit involving the same facts that are at issue

---

[2] A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971).

[3] Plaintiff moves to proceed in forma pauperis (IFP) in this action. [See Doc. 2]. On July 20, 2023, the Clerk ordered Plaintiff's correctional facility to provide Plaintiff's most recent trust fund account statement to the Clerk to determine whether Plaintiff qualifies for IFP status. [Doc. 4]. Not having received Plaintiff's statement, the Clerk has twice retransmitted that Order to Plaintiff's facility. [8/21/2023 & 9/27/2023 Docket Entries]. As of this Order, the Clerk has not received Plaintiff's most recent trust fund account statement. Because Plaintiff's action is subject to dismissal with prejudice and because Plaintiff's Affidavit supports IFP status [see Doc.2], the Court will grant Plaintiff's motion to proceed IFP without Plaintiff's most recent trust account statement for the purpose of this initial review only.

here in Case No. 3:22-cv-00695-MR (W.D.N.C.). [See id. at 9]. On June 20, 2023, this Court dismissed that case as duplicative of Plaintiff's other then-pending case, Case No. 3:22-cv-00693-MR (W.D.N.C.).[4] [Case No. 3:22-cv-695, Doc. 14]. The same day, on initial review of Case No. -693, the Court found that Plaintiff failed to state any claim for relief and allowed Plaintiff 30 days to amend his Complaint. [Case No. 3:22-cv-693, Doc. 12 at 12-13]. Plaintiff failed to timely amend his Complaint, and, on September 19, 2023, the Court dismissed the Complaint without prejudice and closed the case. [Id., Doc. 16]. In the meantime, on July 18, 2023, Plaintiff filed the pending Complaint. [See Doc. 1].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[4] The Plaintiff also filed a Complaint in this Court on July 27, 2020, naming the Undersigned, Defendant Alt-Summers, and the FBI as Defendants, among others, involving some of the same facts as here. [See Case No. 3:20-cv-00414-MR, Doc. 1]. The Court dismissed that action with prejudice because it was barred by the statute of limitations and Heck and because some Defendants were immune from suit and Plaintiff failed to state a claim for relief in any event. [Id., Doc. 11].

However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint fails initial review. As in Plaintiff's previous cases involving these facts, most of Plaintiff's purported claims are barred by the statute of limitations and/or Heck. Even if they were not barred, Plaintiff has wholly failed to state any claim for relief against any Defendant in this matter. A jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). Plaintiff fails to state any allegations against Defendants Peterburg Law Virginia, the Gaston County Police Department, or the Chief of the Gaston County Police Department. The Court has already addressed Plaintiff's claims against Defendants Brogdon, Meek, FBI, and Alt-Summers in his previous actions and the Court declines to repeat itself here. Finally, neither Defendant Grand Prairie nor Guise Law Firm are entities subject to suit under 42 U.S.C. § 1983 and/or Bivens.

Plaintiff is strongly cautioned against filing any further actions in this Court involving the matters alleged in his Complaint. Should Plaintiff persist in filing duplicative and frivolous actions with this Court, he may be subject to sanctions, including a pre-filing review system that would limit Plaintiff's ability to file actions in this Court.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint fails initial review, and the Court will dismiss it as frivolous and seeking to advance claims that this Court has previously addressed and determined to be insufficient and/or barred. The Court, therefore, will dismiss this action with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED** and this action is **DISMISSED with prejudice**, in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2 ] is **GRANTED** for the limited purpose of this initial review and that the Order for Prisoner Trust Account Statement [Doc. 4] is hereby **VACATED**.

The Clerk is respectfully instructed to terminate this action.

Signed: November 6, 2023

Robert J. Conrad, Jr.
United States District Judge